JAMES RALPH, Plaintiff in Error, *v.* JOHN H. LEFLER *et al.*, Defendants in Error.

### ERROR TO HARDIN.

Prior to the passage of the act of the twelfth of February, 1853, a certificate of redemption from a sheriff's sale, need not be recorded.   The payment of the money to redeem, was all that was necessary.

THIS bill charges that a judgment was obtained in the Hamilton Circuit Court in March, 1848, against Andrew McCallen, in favor of W. and C. Fellows, for $794.   That on the 31st of

Ralph v. Lefler et al.

March, 1848, execution was issued on said judgment to the sheriff of Hardin county.

That said execution came to the hands of Lewis Lavender, sheriff of Hardin county. On the 26th of April, 1848, he levied said execution on Lot No. 6, in Elizabethtown, with its appurtenances, as the property of McCallen; that the certificate of levy was filed with the recorder of said county; that on the 28th of June, 1848, he sold said lot to one Wm. Potts for $117.50.

That the certificate of purchase was filed with the recorder of said county; that at the October term of the Saline Circuit Court, 1852, one Lucinda Ralph recovered a judgment against the said Wm. Potts for $1,500. On the 15th of October, 1852, she caused execution to issue to Hardin county, against said Potts, and levied on said town lot No. 6, as the property of Potts, by the sheriff of said county of Hardin, and the certificate of levy was filed with the recorder on the 16th of October, 1852.

That on the 6th day of Dec., 1852, said sheriff sold said town lot No. 6, to one Charles Mott, for the sum of $100, and executed a certificate of purchase dated 6th Dec., 1852, which was filed with the recorder of said county. On the 13th day of March, 1854, Mott assigned his certificate of purchase to the complainant.

That Potts failed to redeem said lot No. 6, within the time required by law. The sheriff, on the 15th March, 1854, executed a deed to complainant; that said McCallen did not redeem said lot No. 6, sold under the execution in favor of W. and C. Fellows, nor did any judgment creditor.

That Potts became the owner of said lot No. 6, and thereby said lot became liable to the debts of said Potts; that Lewis Lavender, sheriff of Hardin county, executed a certificate of redemption to McCallen, bearing date 28th July, 1848, which states that McCallen paid him $118.50 for the redemption of said lot, which was filed in the recorder's office of said county 9th Nov., 1852, after the date of the levy of the execution in favor of Lucinda Ralph against Potts.

That McCallen, on 19th Nov., 1852, sold said town lot No. 6 to Emily Ann I. Lefler, wife of John H. Lefler, and filed with the recorder on the 14th Oct., 1852; that the certificate of redemption made by Lavender, sheriff, to McCallen, dated 28th July, 1848, is charged to be falsely dated; that said certificate was executed on or about the date of its filing with the recorder, 9th Nov., 1852; that McCallen and Lavender combined and confederated together, and dated said certificate back, for the purpose of defeating the levy and sale of execution in favor of the said Lucinda Ralph.

That no redemption was ever made by McCallen from the sale of said lot, under the execution in favor of W. and C. Fellows, directly or indirectly, until after the levy of the execution in favor of Lucinda Ralph against Potts ; that the certificate of levy of W. and C. Fellows is dated 26th April, 1848, and filed same date ; the certificate of purchase to Wm. Potts 28th June, 1848, and filed 3rd July, 1848—time of redemption expired 28th Sept., 1849.

That the certificate of levy in favor of Lucinda Ralph, dated 16th Oct., 1852, and filed the same date ; that the sale to Mott was made 6th Dec., 1852, and filed the same day.

That Potts took possession of said lot and exercised acts of ownership over it, and leased the same out and collected rents therefor, up to the time of said levy ; that the said Potts was entitled to a deed ; that complainant is entitled to possession of said lot ; that Lefler purchased the lot with full knowledge of the facts herein charged.

That the Leflers were warned and notified that the said lot was levied upon as the property of Wm. Potts, and that McCallen had no title to the same ; but that she persisted in the purchase.

The bill prays that John H. Lefler, Emily Ann I. Lefler, Wm. Potts and Andrew McCallen, be made parties to the bill, waiving the oath of McCallen ; that McCallen be required to file said original certificate of redemption for the inspection of the court ; that said certificate of redemption be set aside, as well also the deed from McCallen to Lefler ; and that the sheriff be required to make a deed to the said Potts to said lot No. 6, and award a writ of possession to complainant.

McCallen states, in his answer, that it is true as charged, that W. and C. Fellows & Co. recovered the judgment against him.

Admits that execution was levied, and that lot No. 6 was sold to Potts for $117.50 ; also that at the Saline Circuit Court, Lucinda Ralph recovered a judgment against Wm. Potts ; that execution was issued and levied on said lot No. 6, and that it was sold by the sheriff to Mott as charged, and that Mott assigned the certificate of purchase to complainant.

States that he does not know as to the redemption of said lot by the said Potts ; that he has no doubt of such failure by Potts, as Potts had no interest in redeeming said property, as said lot was the property of Emily Ann I. Lefler at the date of the said last mentioned levy and sale, and not the property of Potts ; that he redeemed said lot No. 6 from sale made by virtue of execution issued in favor of Fellows, within less than twelve months from the date of the sheriff's sale, by paying to the sheriff of Hardin county the full amount ; that he has lost said certificate of redemption ;

that he sold and conveyed said lot to Leflers as charged. Charges that Lucinda Ralph, James Ralph and Charles Mott all had notice at the time and before the levy of said execution from Saline county, that lot No. 6 was not the property of Potts.

The answer of Lefler and wife admits the recovery of the judgment, the issuing of execution, and levies and sales, as set forth in the bill.

Admits the purchase by Wm. Lefler from McCallen as charged ; but charges that McCallen did redeem town lot No. 6 from the sheriff's sale to Potts in less than twelve months from the time of the sale, by paying to the sheriff the full redemption ; that James Ralph, Lucinda Ralph and Charles Mott all had notice at the time and before the levies of the execution in favor of Lucinda Ralph, that said lot No. 6 was not the property of Potts.

Decree that complainant's bill be dismissed with costs.

J. M. WARREN, for Plaintiff in Error.

J. OLNEY, and E. BEECHER, for Defendants in Error.

CATON, C. J. The important fact in this case, we consider settled beyond dispute, that McCallen did redeem the lot in question from the sheriff's sale, by paying to the sheriff the amount of the purchase money, with interest, within twelve months from the date of the sale. This is positively testified to by Lavender, the sheriff, and there is not a particle of proof to contradict him. The effect of such redemption is declared by the thirteenth section of the fifty-seventh chapter of the Revised Statutes to be to render the sale and the certificate thereupon granted, null and void. This would seem to settle the question at once, and without further controversy, but for the objection made by the complainant, that, by our recording laws, the certificate of redemption should have been recorded, and that until it was recorded, it was void as to the creditors of and purchasers from Potts, the purchaser at the sheriff's sale on the execution against McCallen. Unfortunately for this objection, at the time of this sale and redemption, the law did not require any certificate of redemption to be executed, but the sale and certificate of purchase were rendered absolutely void by the mere fact of redemption, and without even a receipt for the redemption money. And so the law remained till the passage of the law of the 12th of February, 1853, when certificates of redemption were required to be given, which were also required to be recorded. As, previous to this time, no certificate of redemption was required to be given, of course none was required to be recorded.

The Circuit Court properly dismissed the bill, and its decree must be affirmed.

*Decree affirmed.*